UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN HUNT<br><br>    Defendant. | No. 24-cr-06649-MPK |

**MOTION FOR DETENTION**

The United States of America moves for pretrial detention, pursuant to the Bail Reform Act, 18 U.S.C. § 3141 et seq., of defendant Benjamin Hunt.  The defendant has been charged with (i) distribution and possession with intent to distribute controlled substances, and (ii) possession and transfer of machineguns.  Dkt. No. 3 ("Complaint"). As outlined in the Affidavit in Support of the Criminal Complaint submitted by DEA Task Force Officer Kevin Barbosa, *see* Dkt. No. 3-1 ("Complaint Aff."), Hunt has access to drugs, firearms, firearm parts, machinegun conversion devices, and other contraband. He has been selling these items on the Telegram application and has been receiving payments via cryptocurrency.  In connection with his arrest this morning, agents executed search warrants that found an additional cache of dangerous drugs and an arsenal of weapons.

For the reasons herein and those to be advanced at any detention hearing, if required, clear and convincing evidence shows that no conditions of release will reasonably assure the safety of the community, and a preponderance of the evidence shows that no conditions of release will reasonably assure the appearance of the

defendant at trial.  Each of the statutory factors outlined in 18 U.S.C. § 3142(g) argues strongly in favor of detention.

## I.     Eligibility for Detention

The government moves for detention under the following provisions of the Bail Reform Act:

(a)   18 U.S.C. § 3142(f)(1)(C) because this case involves an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act;

(b)   18 U.S.C. § 3142(f)(1)(E) because this case involves the possession or use of a firearm or dangerous weapon; and

(c)   18 U.S.C. § 3142(f)(2)(A) because there is a serious risk that the defendant will flee.

There is a presumption in favor of detention in this case based upon 18 U.S.C. § 3142(e).

## II.    Each of the Factors to be Considered Strongly Favors Pretrial Detention of the Defendants.

### A. The Nature and Circumstances of the Offense Favor Detention

The nature and circumstances of the offenses are extremely troubling. On numerous occasions, Hunt advertised for sale on the Telegram application and sold counterfeit M30 oxycodone pills that were instead nothing but fentanyl delivery devices. Hunt was willing to sell these pills to anyone who would pay for them, often via cryptocurrency, and Hunt would mail fentanyl (and countless other drugs) through the U.S. mail.  As charged, on at least three occasions, an undercover law enforcement agent

purchased fentanyl pills from Hunt that were received via the U.S. mail and paid for via cryptocurrency. *See* Complaint Aff., ¶¶ 24-45.

Such counterfeit fentanyl pills are especially dangerous because they look like real pharmaceutical pills, but consumers generally do not know the type, quantity, or potency of the illicit drugs contained within the pills. Fake fentanyl pills are a significant cause of the ongoing opioid epidemic.  *See* "Fake Pills Fact Sheet," DEA, available at https://www.dea.gov/sites/default/files/2022-12/DEA-OPCK_FactSheet_December _2022.pdf (highlighting, in particular, blue M30 pills laced with fentanyl).

Separately, Hunt had for sale various firearms and firearm parts, including 3-D printed firearms he was making in his own home, that he made available for sale and advertised on Telegram to anyone who was willing to pay.  He further sold "switches" or machinegun conversion devices that can convert any firearm into a fully automatic weapon.  Law enforcement purchased multiple such "machineguns" from Hunt. *See id.* at ¶¶ 35-47.

Hunt's access to drugs and firearms, and his ability to manufacture firearms, makes him a significant threat to public safety.

### B. The Weight of the Evidence Favors Detention

The weight of the evidence, at least for purposes of a detention analysis, is overwhelming.  The current charges are all based on law enforcement undercover purchases that can be tied directly to Hunt, including direct communications with Hunt on the Telegram application. *See generally id.* at ¶¶ 24-45.  On June 26, 2024 (one of the dates charged), law enforcement observed Hunt dropping off the package containing a large quantity of fentanyl, a privately made firearm, and machinegun conversion devices

to the post office. *Id.* at ¶¶ 41-43. The overwhelming evidence related to the controlled purchases and the direct seizures clearly supports detention in this case.

### C. The History and Characteristics of the Defendant Favor Detention

The history and characteristics of the defendant support detention because the investigation has uncovered significant evidence of countless *currently uncharged* offenses where Hunt has been selling drugs, firearms, and firearm parts. *See* ¶¶ 48-103 (listing numerous instances of seizures associated with Hunt where large volumes of drugs, firearms, or firearm parts have been seized). Thus, who Hunt is, and the danger he poses, is even more troubling than what the current charges portray.

### D. The Seriousness of the Danger to Others Favors Detention.

Lastly, in addition to the troubling facts summarized in the Complaint Aff., the government notes that in connection with Hunt's arrest this morning, law enforcement executed multiple search warrants that led to the seizure of significant quantities and types of drugs, in addition to the seizure of an arsenal of firearms.

Among other things, law enforcement agents seized a large quantity of drugs of various types, including but not limited to suspected fentanyl, cocaine, methamphetamine, MDMA, morphine, codeine, and mushrooms; approximately 10 firearms; machine gun conversion devices; several silencers; several extended magazines, including with a large capacity drum; significant amounts of ammunition; many privately made firearm parts and accessories; and 3D printers capable of producing the seized privately made firearms. Included below is a picture of the seizure from this morning:



Access to these types and quantities of firearms and drugs, in addition to what was previously seized, plainly makes Hunt a danger to others that no combination of conditions can adequately mitigate against. Further, these seizures will almost assuredly result in additional federal charges.

## **CONCLUSION**

Based on the charged offenses, Hunt poses a significant threat to public safety. Based on the seizures this morning, there are additional concerns about public safety and risk of flight. No conditions of release will reasonably assure the safety of the community or assure the appearance of the defendant at trial. The defendant should be detained pending trial.

The government reserves its rights to supplement its arguments for detention upon reviewing the full bail report (including pretrial interview) prepared by the U.S. Pretrial Services Office as to each defendant.

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney

/s/ *Kunal Pasricha*
KUNAL PASRICHA
J. MACKENZIE DUANE
Assistant United States Attorneys
District of Massachusetts
